## SPRING VALLEY COAL CO. v. PATTING.

(Circuit Court of Appeals, Seventh Circuit. April 21, 1898.)

### No. 465.

1. **MASTER AND SERVANT—NEGLIGENCE—COMPETENCY OF EMPLOYE.**
   Where a cage in which a miner was being lowered into a mine through a shaft 360 feet deep escaped control of the engineer by reason of his failure to expel the water from the cylinder of the small engine, by which the brake and reversing apparatus were operated, and the miner was injured, and the past competency and experience of the engineer were proved by satisfactory evidence, this single act of negligence is not such proof of incompetency as to make the master liable.

2. **SAME—FAILURE TO OBEY STATUTE.**
   Failure to provide a light at the bottom of a shaft, as required by the Illinois statute, "to insure, as far as possible, the safety of persons getting on or off the cage," does not make the master liable for injuries to a servant who was being lowered through the shaft in a cage, where the absence of the light neither caused nor affected the injury.

3. **SAME—DEFECTIVE BRAKE.**
   Where a servant is injured while being lowered into a mine in a cage, and the same is caused by the engineer's failure to keep in proper condition the cylinders of the engines operating the brake and reversing apparatus, and the same would have been sufficient except for such neglect, the master is not chargeable with failure to supply a sufficient brake and reversing apparatus.

4. **SAME—NEGLIGENCE OF CO-EMPLOYE.**
   Where a servant is injured through the negligence of the engineer in charge of the engine operating the cage in which he is being lowered to a mine, such negligence is that of a co-employé, and the master is not liable.

86 F.—28

**5. SAME—SUBMISSION TO JURY.**
Where the court submits a case to the jury upon four propositions, only one of which is proper, it is impossible to say on which proposition the verdict was returned, and it must be reversed.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Henry S. Robbins, for plaintiff in error.

James D. Springer, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges

WOODS, Circuit Judge.    Alex Patting, the defendant in error, recovered judgment against the Spring Valley Coal Company in the sum of $10,000 for personal injury suffered on the morning of November 24, 1893, while being lowered through a shaft, 360 feet deep, to the mine of the company, in which for about two years he had been employed to dig coal.    The cage in which, with eight or nine other miners, he was being lowered, escaped the control of the engineer, and descended with such rapidity that when it struck the bottom he was thrown out upon the ground beside the cage, and during the rebound one of his legs was caught beneath the cage and broken above the knee.    Afterwards amputation became necessary, but, as the plaintiff in error claims on the testimony of "the doctor in charge," by reason of disobedience of the doctor's instructions.    The declaration as amended contains a number of counts, but before entering upon the trial it was stipulated by the parties that plaintiff based his right of recovery in the case only upon the following grounds of negligence on the part of the defendant:

"First, that the defendant failed to furnish a sufficient brake; second, that the defendant was negligent in the employment and retention of a competent engineer; third, that there was no light at the bottom of the shaft at the time of the accident, and that this absence of a light contributed to the plaintiff's injury; fourth, that defendant was guilty of negligence in failing to supply a sufficient reversing apparatus and appliances."

At the proper time the plaintiff in error moved for a peremptory instruction that a verdict be returned in its favor, and also moved for an instruction in respect to each of the alleged grounds of recovery, separately, that it should be withdrawn from the consideration of the jury because not supported by the evidence adduced.    The court overruled each motion, and submitted the case to the jury for determination upon all of the grounds alleged and included in the stipulation.    Exceptions were duly saved, and error has been assigned upon each of the rulings, though it is to be observed that the brief for the plaintiff in error does not contain, after the statement of the case, "a specification of the errors relied on," as required by the second clause of rule 24 of this court (21 C. C. A. xcix., and 78 Fed. xcix.).    It is not a compliance with the rule to make a statement of "points."    Unless the specifications of error are given substantially as they appear in the record, it is not evident on the face of the brief, as contemplated by the rule, whether "the points of law," which by the next clause of the rule are required to be clearly stated in "a brief of the argument," are properly presented.    The supreme court deemed it worth while

to recommend these rules for adoption. This court deems it important that they be respected.

No good purpose would be served by a review of the evidence in the record. We consider it clear beyond reasonable dispute or debate that there was no evidence to justify the court in leaving to the consideration of the jury whether there was a liability on the second, third, or fourth ground. There is no evidence of the engineer's incompetency, unless it be in the circumstances and fact of the accident complained of. In that instance it is clear enough that he was guilty of negligence in not expelling the water from the cylinders of the small engines by which the brake and the reversing apparatus were operated, but in that single act of negligence there is not proof of a want of competency, and, if there were, it was impossible that the master should have known of it before it happened. The competency and experience of the engineer were proved by satisfactory evidence, and before the occurrence in question there was no known reason why the company should not have believed him equal to every emergency of the employment. That the absence of the light at the bottom of the shaft either caused or added to the effects of the injury it is impossible to believe, and the fact that such a light was required by statute "to insure, so far as possible, the safety of persons getting on or off the cage," is irrelevant and without significance.

There was no defect in the reversing apparatus. It did not work with prompt efficiency on this occasion because of the failure of the engineer to expel the water from the engine by which it was controlled, but the company is not responsible for the negligence of the engineer, who was a fellow servant of the plaintiff. In fact, the reversing apparatus is not intended, nor is it well adapted or adaptable, to' check a too rapid movement of the cage on sudden emergency, and an attempt to use it in that way probably involves a new danger not less than that to be avoided.

On the first proposition, that the defendants had failed to furnish a sufficient brake, the question discussed in the briefs and at the hearing is whether, in addition to the one "sufficient brake on every drum," which the statute of the state (2 Starr & C. Ann. St. [2d Ed.] p. 2721, c. 93, § 6) requires, the company ought to have provided a brake to be operated by hand in case of the failure for any cause of the one worked by steam power. Whether such a brake, if present, would have been effective to prevent or to mitigate the injury suffered by the plaintiff, and whether the plaintiff in error was at fault in not foreseeing a necessity for it, are questions on which the court need not now express an opinion.

It cannot be said that the error of the court in refusing to withdraw other issues from the jury was harmless. If it were assumed that among the theories asserted there was one on which a verdict for the defendant in error could be upheld, it is impossible to say that the verdict returned was found, or beyond reasonable question ought to have been found, on that theory.

The judgment below is reversed, with direction to grant a new trial.